## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| CARROL PIRTLE, an individual; and | ) | |
| PAULA BEEKS, an individual. | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-CV-231-PPS-AZ |
| | ) | |
| CITY OF GARY, INDIANA, a municipal | ) | |
| corporation, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE 10], filed by Plaintiffs Carrol Pirtle and Paula Beeks on September 20, 2024. They ask that a number of Defendant City of Gary's affirmative defenses be stricken. Defendant filed a response on October 4, 2024, and on the same day, filed a motion to file an amended answer [DE 12] which it said would resolve some of Plaintiffs' objections to a number of the affirmative defenses. I granted the motion for leave to file an amended answer without objection, which leaves three affirmative defenses at issue. Plaintiff's motion is granted as to those three defenses for the following reasons.

### Background

This case arises under 42 U.S.C. § 1983, the Fourteenth Amendment of the U.S. Constitution, and the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3). Plaintiffs allege that they were wrongfully terminated from their employment with the City of Gary, Indiana, after taking a pre-approved work trip. DE 1 at 1. After taking this

trip, Plaintiffs were terminated without a pre- or post-termination hearing. *Id.* at 4. Plaintiffs bring five counts: retaliation under Section 1983, conspiracy under Section 1983, wrongful termination, an FLSA violation, and an Indiana Wage Payment Statute violation. *Id.* at 5-10.

Defendant filed its answer on September 3, 2024, and raised a number of affirmative defenses. *See* DE 7. On November 11, 2024, I granted Defendant's motion for leave to file an amended answer, and a number of the contested affirmative defenses were withdrawn.[1] *See* DE 15 and 16. Because of the withdrawn defenses in the amended answer, the numbers identifying which defenses are at issue have changed, and the Court will use the numbers in the amended answer.

Plaintiff objects to the following defenses:

3. Defendant asserts any and all applicable Federal Rule 8 ( C ) defenses, which include but are not limited to, accord and satisfaction, estoppel, payment, and waiver.

8. Defendant invokes any and all applicable defenses found under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") as the Plaintiffs have the burden to show FLSA applies and was violated by the Defendant; To the extent any exemptions under FLSA apply they are asserted herein as a defense.

21. Plaintiffs' claim is barred by the unclean hands doctrine.[2]

### Analysis

Rule 12(f) of the Federal Rules of Civil Procedure authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent,

---

[1] Affirmative defenses 14, 22, 23, 25, and 31 were withdrawn in the amended complaint.

[2] Formerly affirmative defense number 24.

or scandalous matter." Fed. R. Civ. P. 12(f); *see Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are generally disfavored because they tend to consume scarce judicial resources, *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006), and "potentially serve only to delay," *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted). But "where…motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id.*

"An affirmative defense must satisfy three criteria to survive a motion to strike under Rule 12(f): (1) it must be properly pleaded as an affirmative defense; (2) it must be adequately pleaded under Rules 8 and 9; and (3) it must withstand a Rule 12(b)(6) challenge." *Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 781 (N.D. Ill. 2018). "The decision whether to strike material under Rule 12(f) is within the discretion of the district court." *Do It Best Corp. v. Heinen Hardware, LLC*, 2013 WL 3421924, at *2 (N.D. Ind. July 8, 2013) (citing *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992)).

Specifically, affirmative defenses must set forth a "short and plain statement." Fed. R. Civ. P. 8(a). But even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, an allegation must include either direct or inferential allegations respecting all material elements of the claim asserted. *United States v. Hartz Constr. Co., Inc.*, 2000 WL 1220919 at *7 (N.D. Ill. Aug. 18, 2000) (quoting *MAN Roland v. Quantum Color Corp.*, 57 F.Supp.2d 576, 578 (N.D. Ill. 1999)). Bare legal conclusions attached to narrated facts will not

suffice. *See Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989) (granting motion to strike affirmative defenses in which defendants omitted any short and plain statement of facts and failed to allege necessary elements of claims); *Strauss v. City of Chicago,* 760 F.2d 765, 768 (7th Cir. 1985). Lastly, "[d]efendants cannot simply recite a laundry list of Rule 8(c)(1) affirmative defenses without indicating in any way how they may be tied to the facts of this case. *Pietrzycki v. Heights Tower Serv., Inc.*, 2015 WL 688510, at *3 (N.D. Ill. Feb. 17, 2015).

Turning to the affirmative defenses in this case, it becomes clear why the requirement that affirmative defenses be tied in some way to the facts of the case is necessary. First, Affirmative Defense #3 states "Defendant asserts any and all applicable Federal Rule 8 ( C ) defenses, which include but are not limited to, accord and satisfaction, estoppel, payment, and waiver." Reciting a laundry list of Rule 8(c)(1) defenses without any supporting facts is not permitted. Not only does #3 contain within it no fewer than four separate defenses, but it also lacks a single fact relevant to the case. It is a bare recitation of Rule 8(c)(1) and does not meet any of three criteria for an affirmative defense to survive a motion to strike under Rule 12(f).

Affirmative Defense #8 suffers from the same issue; it merely asserts any and all defenses under the FLSA. It states, "Defendant invokes any and all applicable defenses found under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") as the Plaintiffs have the burden to show FLSA applies and was violated by the Defendant; To the extent any exemptions under FLSA apply they are asserted herein as a defense." This does not inform the Plaintiffs of any specific defense which it must

prepare against, nor does it connect any such defense to a single fact of the case. It tells the Plaintiffs essentially nothing except 'your allegations should conform to the requirements of the statute under which you sued us.' Effectively, this defense is a 12(b)(6) claim because it merely reiterates the burden the Plaintiffs must meet to assert a claim under the FLSA, which is not a viable affirmative defense. *See Dace v. Chicago Pub. Sch.*, 2020 WL 1861671, at *3 (N.D. Ill. Mar. 18, 2020).

Lastly, Defendant asserts Affirmative Defense #21, stating "Plaintiffs' claim is barred by the unclean hands doctrine." While technically more specific than the previous two defenses because it identifies a specific defense, it does not allege a single fact relating to the case. It barely qualifies as a "short and plain statement" as required by Rule 8. An affirmative defense must still "allege necessary elements of [the] claim[]." *Heller,* 883 F.2d at 1294. The names of these defenses, such as 'unclean hands,' are not magic words which a defendant can invoke to satisfy its obligations for pleading affirmative defenses under the Federal Rules of Civil Procedure. Just as a plaintiff must fairly inform a defendant of the allegations against him, a defendant must inform the plaintiff of how an asserted defense is at least plausible and how it applies to the facts of the case. While this may be difficult to do prior to discovery, a defendant may still move to amend its answer under Rule 15 after the necessary facts have been gathered through discovery.

Defendant's affirmative defenses do not go beyond bare allegations and do not allege sufficient facts to survive the motion to strike under Rule 12(f).

## Conclusion

For the above-mentioned reasons, the Court hereby **GRANTS without prejudice** Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE 10] and **STRIKES** Affirmative Defenses 3, 8, and 21 from Defendants' amended answer.

Defendant is **REMINDED** of its ability to move to amend its answer under Rule 15 after a showing of diligence.

So ORDERED this 8th day of April 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT